IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

EDDIE AMOS,                             )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          CV 324-086
                                        )
WARDEN TOMMY BOWEN,                     )
                                        )
            Defendant.                  )
                                        )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 35.) The Magistrate Judge recommended granting Defendant's motion to dismiss based on Plaintiff's failure to exhaust administrative remedies because neither of the grievances at issue concerned the allegations raised in Plaintiff's complaint, and even if Grievance Number 365271 did, Plaintiff did not properly exhaust because he failed to comply with applicable procedural rules when filing this grievance. (Doc. no. 33, pp. 9-14.) Plaintiff raises two objections, which the Court addresses in turn below.

First, Plaintiff objects to the Magistrate Judge's conclusion that he did not submit any grievances about the issues raised in the instant lawsuit, arguing he "did in fact physically hand over to Ms. Latasha Jackson" a grievance about these issues on January 10, 2024, but she returned it for containing multiple issues. (Doc. no. 35, pp. 1-2.) He claims all three exceptions

to exhaustion apply: (1) Ms. Jackson refused to follow grievance policy by not accepting the grievance, (2) the grievance process "is so confusing and vague as to be essentially unknowable of what issues can be put in a grievance," and (3) Ms. Jackson prevented him from filing a grievance through misrepresentation. (Id. at 1-2 (citing Ross v. Blake, 578 U.S. 632, 643-44 (2016).)

As an initial matter, it is unclear whether Plaintiff is describing Grievance 362821, which he filed on January 10, 2024, (doc. no. 23-6), or a different, unprocessed grievance. Regardless, either interpretation fails. The Magistrate Judge correctly determined Grievance 362821, which discusses Plaintiff's open records request for blood draws, does not concern the issues raised in the complaint. (Doc. no. 33, pp. 10-11.) Further, even if Plaintiff is referring to an entirely different grievance, this objection is also unsuccessful. Plaintiff never discussed this unprocessed grievance in his response or other filings relating to Defendant's motion to dismiss. (See doc. nos. 26, 30.) While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to a Report and Recommendation, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Plaintiff's new factual claims and legal argument here because Plaintiff had more than enough time to develop the record.

But even if the Court did consider the information, it does not change the conclusion that this case should be dismissed. Plaintiff's claims lack consistency and do not overcome Ms. Latasha Jackson's sworn declaration averring that Plaintiff did not file any grievances

2

relating to the issues raised in his complaint.  (Doc. no. 23-2, ¶ 13.)  The record does not support Plaintiff's belated claim that he was unable to file a grievance because Ms. Jackson refused to accept the grievance.  Notably, Plaintiff was able to file other grievances, including Grievance 362821 that same day, which in turn further belies any argument the grievance process was so confusing so as to be essentially unknowable.  Daker v. Ford, No. 7:20-CV-113, 2025 WL 3248396, at *6 (M.D. Ga. Aug. 18, 2025) ("It is axiomatic that Plaintiff cannot claim the [Georgia Department of Corrections] grievance system was unavailable to him, or that he did not know he could file a grievance, while simultaneously admitting to filing grievances . . . ."), *adopted sub. nom by* Daker v. Toole, 2026 WL 910219 (M.D. Ga. Mar. 31, 2026).  Plaintiff's objections also do not suggest any misrepresentations on Ms. Jackson's part.  Instead, she merely advised him the grievance contained multiple issues.  For these reasons, Plaintiff's late-raised arguments about the grievance process being unavailable to him fail.  See Finney v. Harvey, No. CV 323-025, 2024 WL 925566, at *4 (S.D. Ga. Feb. 2, 2024) (reasoning "if Plaintiff was aware his purported grievance 'was not processed' . . . Plaintiff had ample time to submit a new form to another counselor or on a kiosk but did not do so"), *adopted by* 2024 WL 919847 (S.D. Ga. Mar. 4, 2024).

Second, Plaintiff argues Grievance 365271 involves the allegations raised in his complaint, and thus he properly exhausted.  (Doc. no. 35, p. 2.)  Even accepting this argument as true, it does not change the conclusion that this case should be dismissed for failure to exhaust because Grievance 365271 was denied at the appeals stage on procedural grounds for containing multiple issues.  (Doc. no. 33, pp. 11-12.)  As the Magistrate Judge explained, "the exhaustion requirement is not satisfied if a prisoner . . . falls short of compliance with

3

procedural rules." (Id. at 12 (citing Johnson v. Meadows, 418 F.3d 1152, 1158-59 (11th Cir. 2005).)  Thus, because he did not follow procedural rules when filing Grievance 365271, Plaintiff did not properly exhaust his administrative remedies.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Defendant's motion to dismiss, (doc. no. 23), **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this ___5th___ day of ___May___, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4